**Bailor BARRIE, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–4105–ag.**

United States Court of Appeals, Second Circuit.

Jan. 24, 2007.

---

Thomas V. Massucci, New York, NY, for Petitioner.

Lawrence D. Kudej, Assistant United States Attorney (Charles W. Larson, Sr., United States Attorney for the Northern District of Iowa, on the brief), Cedar Rapids, IA, for Respondent.

Present: PIERRE N. LEVAL, CHESTER J. STRAUB and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Bailor Barrie petitions for review of a June 27, 2005 order of the Board of Immigration Appeals ("BIA") summarily affirming a January 28, 2004 order of Immigration Judge George T. Chew (the "IJ"), denying Barrie's claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Bailor Barrie,* No. A96 248 777 (B.I.A. June 27, 2005), *aff'g* No. A96 248 777 (Immig. Ct. New York, N.Y. Jan. 28, 2004). We assume the parties' familiarity with the balance of the facts, procedural history, and specification of issues on appeal.

We conclude that substantial evidence supports the IJ's adverse credibility determination, and therefore that he properly denied Barrie asylum and withholding of removal. Most importantly, Barrie testified that rebel forces murdered his mother, father, and two of his siblings when the rebels first kidnaped him, but failed to mention the murders in his written statement. Barrie also testified that rebel forces destroyed a friend's house where Barrie was staying, but again failed to mention that occurrence in his written statement. Barrie further testified to other material facts not set forth in his written statement, such as that rebel forces kidnaped his wife when they first kidnaped him, and that he was forced to work, and suffered a leg injury, at the first rebel camp to which he was taken.

Because these omissions relate to the heart of Barrie's persecution narrative, they provide substantial evidence for the IJ's adverse credibility determination, especially when considered cumulatively. *Liang Chen v. U.S. Attorney General,* 454 F.3d 103, 107 (2d Cir.2006) (per curiam) ("[T]he IJ may rely upon the cumulative impact of" discrepancies. (internal quotation marks and citation omitted)); *Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006) (per curiam) (noting that we

have "repeatedly held that omissions that go to [the] heart of an applicant's claim" properly support an adverse credibility determination). The fact that Barrie amended his written application and statement—presumably making them more accurate and complete—further supports our conclusion.

The IJ's failure to discuss Barrie's explanation for the omissions from his written materials, even if error, does not require remand. Barrie claimed that his written materials were deficient because the translators who prepared those materials, and the lawyer who reviewed them, failed to record all the information Barrie told them. However, the record establishes that each of Barrie's applications was prepared by a different individual. Further, as noted above, Barrie had ample opportunity to ensure that his amended application included any relevant information that his original application omitted. In light of those facts, Barrie's explanation is weak at best, and the IJ's failure to discuss it does not significantly undercut the reasoning or evidence upon which the adverse credibility determination rests. In addition, even if the IJ's failure to discuss Barrie's explanation were error, we conclude that remanding for consideration of that explanation would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006). Likewise, we conclude that it would be futile to remand for consideration of Barrie's explanation as to why he did not speak to his wife when his brother phoned him from Guinea.

Finally, we conclude that the IJ properly denied Barrie CAT relief. Since the testimony that the IJ found not credible "form[s] the only potentially valid basis for [Barrie's] CAT claim," the adverse credibility determination "fatally undercuts" that claim. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

Moreover, to the extent that the country report in evidence might conceivably provide another basis for Barrie's CAT claim, it indicated that incidents of torture have declined in Sierra Leone, and the IJ set forth that he considered it as well.

For the reasons set forth above, the petition in 05–4105–ag is DENIED.